## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## (SOUTHERN DIVISION)

CHOICE HOTELS INTERNATIONAL, INC.,                    *

              Plaintiff                    *

              v.                    *          Civil Case No. 8:22-cv-2658-AAQ

ARVINDKUMAR PATEL,                    *

              Defendant                    *

## MEMORANDUM OPINION AND ORDER

This is an action to enforce an arbitration award arising out of a franchisee's failure to comply with the terms of a hotel chain's franchise agreement.  Pending before the Court is Plaintiff Choice Hotels International, Inc.'s Motion for Default Judgment.  ECF No. 9.  For the reasons discussed below, the Motion shall be granted.

## BACKGROUND

According to Plaintiff's Complaint, Choice Hotels International ("Choice Hotels") is a Delaware-based corporation with its principal place of business in Rockville, Maryland.  ECF No. 1, at 1.  Defendant Arvindkumar Patel is an individual who at all times relevant to these proceedings was and currently is domiciled in Michigan.  *Id.*  Choice Hotels "franchis[es] hotels domestically and internationally under its trade and brand marks, names and systems," including those associated with Econo Lodge.  *Id.*  On or about September 28, 2018, Choice Hotels entered into two franchise agreements with Mr. Patel, authorizing him to operate two Econo Lodge hotels in Michigan.  *Id.* at 2.

1

On or about February 5, 2019, Choice Hotels sent Mr. Patel Notices of Default, alleging that he was in default of the franchise agreements for his failure to complete specified upgrades to the hotels, "cure existing deficiencies," and "open the hotels under the Econo Lodge[] brand marks." *Id.* Because Mr. Patel allegedly failed to cure these breaches by the prescribed deadline, Choice Hotels terminated his franchise agreements on June 4, 2019, and demanded "immediate payment of contractually specified liquidated damages." *Id.*

On or about October 29, 2020, in response to Mr. Patel's alleged failure to pay the liquidated damages, Choice Hotels initiated arbitration proceedings pursuant to the arbitration clauses of the parties' franchise agreements, *id.*, which state in relevant part:

> Except for our claims against you for indemnification or actions seeking to enjoin you from using any of our Intellectual Property . . . or the Choice-Related Words in violation of this Agreement or any other related agreements . . . , any controversy or claim arising out of or relating to this Agreement or any other related agreements, or the breach of this Agreement or any other related agreements, including any claim that this Agreement or any part of this Agreement or any related agreements is invalid, illegal, or otherwise voidable or void, as well as any claim that we violated any laws in connection with the execution or enforcement of this Agreement or any related agreements and any claim for declaratory relief, will be sent to final and binding arbitration in the state of Maryland . . . . Judgment on the arbitration award may be entered in any court having jurisdiction. . . . Any arbitration will be conducted at our headquarters office in Maryland . . . .

ECF No. 1-1, at 22–23; ECF No. 1-2, at 22–23. The arbitration was conducted in Maryland, and the arbitrator applied Maryland law. *See* ECF No. 1, at 3; ECF No. 1-3, at 2–3. On December 17, 2021, the arbitrator entered an award of $81,000 in favor of Choice Hotels, comprised of $74,700 in liquidated damages and $6,300 for "reasonable fees and arbitration costs." ECF No. 1-3, at 1, 3.

On October 17, 2022, Choice Hotels filed suit in this Court seeking to enforce the arbitration award under the Federal Arbitration Act, 9 U.S.C. §§ 9, 13.  ECF No. 1, at 1.  Specifically, Choice Hotels sought the amount awarded in the arbitration, as well as post-judgment interest and $400 for the costs of litigation.  *Id.* at 5.  Mr. Patel was personally served with process on January 11, 2023, ECF No. 7-1, at 1, and Choice Hotels returned the executed Summons on March 2, 2023, ECF No. 7.

On March 2, 2023, Choice Hotels moved for a Clerk's Entry of Default against Mr. Patel, ECF No. 8, and filed the Motion for Default Judgment now before the Court, ECF No. 9.  The Clerk entered an Order of Default against Mr. Patel on June 5, 2023.  ECF No. 11.  Mr. Patel has not entered an appearance, answered Choice Hotel's Complaint, or otherwise taken any action in this case.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments, which may be entered by the Clerk of the Court "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear.  Fed. R. Civ. P. 55(b)(1).  The entry of default judgment is a matter within the discretion of the Court.  *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)).  Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party,'" *id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421); *see also Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896–97 (4th Cir. 1987) (upholding a default judgment awarded where the

defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405, 408 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

When considering a motion for default judgment, the Court takes as true all well-pleaded factual allegations in the complaint, other than those pertaining to damages.  Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))).

In the Fourth Circuit, district courts analyzing requests for default judgment have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to determine whether allegations within the complaint are "well-pleaded."  *See, e.g.*, *Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972, at *2–3 (D. Md. Apr. 9, 2012); *United States v. Nazarian*, No. DKC 10-2962, 2011 WL 5149832, at *2–3 (D. Md. Oct. 27, 2011); *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011).   "[W]here a complaint offers only 'labels and conclusions' or 'naked assertion[s] devoid of further factual enhancement,' the allegations therein are not well-pleaded" and, consistent with the Court's discretion regarding the entry of default judgment, relief based on those allegations should be denied.  *E.g.*, *Russell*, 2012 WL 1190972, at *3 (second alteration in original) (quoting *Balt. Line Handling Co.*, 771 F. Supp. 2d at 544).

## ANALYSIS

The Federal Arbitration Act ("FAA") "requires courts to enforce covered arbitration agreements according to their terms." *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1412 (2019). Where a plaintiff seeks default judgment for enforcement of an arbitration award, the petitioner "must show that it is entitled to confirmation of the arbitration award as a matter of law." *Choice Hotels Int'l, Inc. v. Jai Shree Navdurga, LLC*, No. DKC 11-2893, 2012 WL 5995248, at *2 (D. Md. Nov. 29, 2012) (quoting *United Cmty. Bank v. Arruarana*, No. 1:10cv248, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011)).

### I.     Jurisdiction

Under the FAA:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

The Court has jurisdiction pursuant to the FAA.  The arbitration clauses in the parties' franchise agreements provide that "any controversy or claim arising out of or relating to this Agreement or any other related agreements, or the breach of this Agreement . . . will be sent to final and binding arbitration in the state of Maryland," ECF No. 1-1, at 22; ECF No. 1-2, at 22, and that "[j]udgment on the arbitration award may be entered in any court having jurisdiction," ECF No. 1-1, at 23; ECF No. 1-2, at 23.  After an arbitration conducted in Maryland, *see* ECF No. 1, at 3, an arbitrator issued an award in favor of Choice Hotels on December 17, 2021, ECF No.

1-3, at 1–3.  Mr. Patel failed to participate in the proceeding in any way.  ECF No. 1, at 3.  On October 17, 2022, within the one-year period allowed by the FAA, Choice Hotels sought confirmation of the award in this Court.  ECF No. 1.  On March 2, 2023, Choice Hotels provided Proof of Service of the Summons, ECF No. 7-1, at 1, and a Proposed Order for Default Judgment, ECF No. 9-3, at 1.  Finally, the parties, based separately in Maryland and Michigan, ECF No. 1, at 1–2, are diverse, and Choice Hotels seeks monetary relief in excess of $75,000, *id.* at 5, as required by 28 U.S.C. § 1332.

## II.    Default Judgment and Damages

The Fourth Circuit has explained that "[r]eview of an arbitrator's award is severely circumscribed."  *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998).  Specifically, since "allow[ing] full scrutiny of such awards would frustrate the purpose of having arbitration at all — the quick resolution of disputes and the avoidance of the expense and delay associated with litigation," a federal court "may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law."  *Id.*  Thus, "[i]f there is a valid contract between the parties providing for arbitration, and if the dispute resolved in the arbitration was within the scope of the arbitration clause, then substantive review is limited to those grounds set forth in § 10 of the Federal Arbitration Act."  *Jai Shree Navdurga*, 2012 WL 5995248, at *3.  Section 10 of the FAA allows vacatur of an arbitration award only:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in

refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

Default judgment confirming the arbitration award is appropriate in this case. Choice Hotels has sufficiently established the existence of two valid agreements between the parties, both of which Mr. Patel breached. *See* ECF No. 1, at 2; ECF No. 1-3, at 2. There has been no showing of any of the grounds for vacatur listed in the FAA or of any disregard of law on the part of the arbitrator. Moreover, despite Choice Hotels' service of the Summons and Application to Confirm Arbitration Award, ECF No. 7, and the Clerk's subsequent Entry of Default, ECF No. 11, Mr. Patel has failed to participate in these proceedings in any way.

With respect to damages, Choice Hotels requests its arbitration award plus post-judgment interest, as well as litigation costs. ECF No. 1, at 5. Specifically, the arbitrator awarded Choice Hotels $81,000, comprised of $74,700 in liquidated damages and $6,300 for fees and arbitration costs. ECF No. 1-3, at 1. Additionally, as alleged in its Complaint, Choice Hotels has spent $400 to pursue confirmation of the arbitration award in this Court. ECF No. 1, at 5. The Court will award each of these requests. Regarding Choice Hotels' request for post-judgment interest, "the court need not specifically grant an award of post-judgment interest because [the plaintiff] is entitled to recover such interest by operation of law." *Jai Shree Navdurga*, 2012 WL 5995248, at *3 (citing 28 U.S.C. § 1961(a)).

**CONCLUSION**

For the aforementioned reasons, Choice Hotels' Motion for Default Judgment is GRANTED.

So ordered.

Date:  October 4, 2023

_____/s/_____

Ajmel A. Quereshi
U.S. Magistrate Judge